UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SONNY STORMS,

    Plaintiff,

    v.   CAUSE NO. 3:21-CV-343-JD-MGG

HYATTE and PAYNE,

    Defendants.

OPINION AND ORDER

Sonny Storms, a prisoner without a lawyer, filed a complaint in the Southern District of Indiana about the conditions he was held in at Miami Correctional Facility. ECF 1. The case was transferred here because the events took place in this district. ECF 4. Storms subsequently filed an amended complaint, which is now the operative complaint. ECF 9. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Storms alleges that he was held at Miami Correctional Facility in a cell without electricity and a solid metal plate covering his outside window, leaving him in complete

darkness for months. He filed a grievance about the condition. Deputy Warden Payne responded that, per Warden William Hyatte, the light would not get replaced.

The Eighth Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (citations omitted). In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id.* (citations omitted). Although "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), inmates are entitled to adequate food, light, clothing, shelter, bedding, hygiene materials, sanitation, and medical care. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). On the subjective prong, the prisoner must show the defendant acted with deliberate indifference to his health or safety. *Farmer*, 511 U.S. at 834; *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005).

Giving Storms the inferences to which he is entitled at this stage, he has alleged a plausible claim that he has been denied the minimal civilized measure of life's necessities by being held in complete darkness for months. *See Hicks v. Lannoye*, No. 20-CV-505, 2021 WL 2454050, at *3 (E.D. Wisc. June 16, 2011) (collecting cases about when "inadequate lighting *on its own* constitutes a deprivation of minimal civilized measures of life's necessities" and concluding it requires a "significant amount of time in near

total darkness"). On the subjective prong, the grievance establishes that Deputy Warden Payne and Warden Hyatte were personally aware of the conditions in his cell but did nothing to remedy the problem.

For these reasons, the court:

(1) GRANTS Sonny Storms leave to proceed against Warden William Hyatte and Deputy Warden Payne in their individual capacities for compensatory and punitive damages for keeping Storms in a cell for months in complete darkness in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Warden William Hyatte and Deputy Warden Payne at the Indiana Department of Correction, with a copy of this order and the amended complaint (ECF 9), pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Warden William Hyatte and Deputy Warden Payne to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on July 21, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT