UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SONNY STORMS,

        Plaintiff,

        v.                                     CAUSE NO. 3:21-CV-343-JD-MGG

HYATTE and PAYNE,

        Defendants.

OPINION AND ORDER

Sonny Storms, a prisoner without a lawyer, is proceeding in this case "against Warden William Hyatte and Deputy Warden Payne in their individual capacities for compensatory and punitive damages for keeping Storms in a cell for months in complete darkness in violation of the Eighth Amendment[.]" ECF 14 at 3. The defendants filed a motion for summary judgment, arguing Storms failed to exhaust his administrative remedies before filing suit. ECF 27. Storms filed a response, and the defendants filed a reply. ECF 31, 32. The summary judgment motion is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable

to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." *Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th Cir. 2009).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted *must* be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). Nevertheless, "[f]ailure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

Inmates are only required to exhaust administrative remedies that are "available." *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). The availability of a remedy is not a matter of what appears "on paper," but rather whether the process was in actuality

2

available for the prisoner to pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Thus, when prison staff hinder an inmate's ability to use the administrative process, administrative remedies are not considered "available." *Id.* In essence, "[p]rison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole*, 438 F.3d at 809.

The parties provide Storms' grievance records, which show the following: On September 7, 2020, Storms submitted a grievance complaining he was being kept in a dark cell and denied recreation time ("September 7 grievance"). ECF 31-1 at 1. On September 15, 2020, the grievance office returned the September 7 grievance to Storms because it complained of more than one issue. *Id.* at 2. On September 18, 2020, Storms submitted Grievance Number 118339 ("Grievance 118339"), again complaining he was being kept in a dark cell. *Id.* at 4; ECF 27-4 at 4. The grievance office denied Grievance 118339 on the merits. ECF 27-4 at 3. Storms appealed the grievance office's denial of Grievance 118339 to the warden, and the warden denied Storms' appeal. *Id.* at 1. Storms did not submit a Level II appeal to the Department Grievance Manager, which is a necessary step to complete the offender grievance process. *Id.*; ECF 27-1 at 6-7.

The defendants argue Storms did not exhaust his administrative remedies because he did not fully exhaust Grievance 118339, as he never submitted a Level II appeal to the Department Grievance Manager. ECF 28 at 9-10. In his response, Storms concedes he did not fully exhaust Grievance 118339. ECF 31. The court therefore accepts

3

that as undisputed. Instead, Storms argues the grievance office made the grievance process unavailable by improperly rejecting his September 7 grievance. *Id.* at 1-3. However, even assuming the grievance office improperly rejected Storms' September 7 grievance, this did not make the grievance process unavailable to Storms because he was able to correct and resubmit his September 7 grievance as Grievance 118339, which was accepted by the grievance office and denied on its merits. Storms does not argue or provide any evidence he was unable to fully exhaust Grievance 118339. Thus, because Storms could have exhausted his claim against the defendants by fully exhausting Grievance 118339, the undisputed facts show Storms had available administrative remedies that he did not exhaust.

Accordingly, the defendants have met their burden to show failure to exhaust. Summary judgment must be granted in their favor.

For these reasons, the court:

(1) GRANTS the defendants' summary judgment motion (ECF 27);

(2) DISMISSES this case WITHOUT PREJUDICE; and

(3) DIRECTS the clerk to enter judgment in favor of the defendants and against Sonny Storms and to close this case.

SO ORDERED ON: May 25, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT